### In the Matter of AMERICAN FOAM RUBBER CORP., Bankrupt.

United States District Court
S. D. New York.
Sept. 27, 1963.

Kleeberg & Greenwald, New York City, for trustee.

Krause, Hirsch, Gross & Heilpern, New York City, for Irving Trust Co.

BONSAL, District Judge.

The trustee in bankruptcy of American Foam Rubber Corporation has petitioned under § 39, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, for review of an order of the referee which denied the trustee's application to recover $4,000 from the Irving Trust Company (the bank).

On January 17, 1961, American Foam Rubber drew two checks totalling $4,000 upon the bank. The checks were payable to Mirafoam, Inc. and Riverside Industries, Inc., two subsidiaries of American Foam Rubber. American Foam Rubber, Mirafoam and Riverside all maintained checking accounts at the Empire State branch of the bank. On the same day, January 17, American Foam Rubber filed a petition in reorganization under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

On January 17 the two checks were mailed by American Foam Rubber to the bank for deposit in the accounts of Mirafoam and Riverside, and were received by the Wall St. 'office of the bank on January 18. The Wall St. office forwarded the deposit slips to the Empire State branch on January 18, and Mirafoam and Riverside's accounts at the branch were credited with the amount of the checks on that date. The checks themselves were received by the Empire State branch on January 19, at about 9:00 a. m. At noon on January 19 the bank was served with an order of the referee and thus acquired actual knowledge of the pending proceeding of American Foam Rubber under Chapter XI. After acquiring this knowledge, the bank established a new checking account for American Foam Rubber, as debtor in possession. Initially, the balance in the old account was transferred to the new account without deduction of the $4,000, but the bank subsequently deducted the $4,000 from the new account. Some time thereafter, American Foam Rubber was adjudicated a bankrupt.

■ Since the bank made payment of the checks after American Foam Rubber's petition for reorganization under Chapter XI had been filed, the validity of the payment is governed by § 70, sub. d of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. d.[1] If the bank paid the checks upon American Foam Rubber's order before noon on January 19, when it acquired knowledge of the Chapter XI proceeding, the trustee cannot recover the payment. Section 70, sub. d (2). If the bank paid the checks after that time, the trustee is entitled to recover. Section 70, sub. d(5). The bank has the burden of proving the validity of its payment. Section 70, sub. d(5).

■ The referee held that the bank accepted (meaning paid) the checks on January 18. However, the bank's policy as to payment is set forth at the bottom of its monthly statement (trustee's Exhibit 6B). It provides:

"In receiving items for deposit or collection, Irving Trust Company obligates itself only as the customer's collecting agent, assuming no responsibility beyond the exercise of due care, crediting all items subject to final payment in cash or by unconditional credit received and accepted by Irving Trust Company. At any time before final payment, Irving Trust Company reserves the right to charge back to the customer's account the amount of any item previously credited whether returned or not, and even though drawn on itself."

Under this policy, the credit given to Mirafoam and Riverside on January 18 on the basis of the deposit slips was given by the bank as collecting agent, and was not a payment upon the order of American Foam Rubber.

■ The evidence does not show when the checks were paid upon the order of American Foam Rubber. That the checks were not stamped "PAID" or debited to American Foam Rubber's account until after the bank acquired knowledge of American Foam Rubber's Chapter XI proceeding is not determinative. The stamping of the checks and the debiting of American Foam Rubber's account may have followed payment rather than have been a part of it. The issue is: When did the bank pay the checks upon the order of American Foam Rubber?

Further testimony is necessary to establish the time of such payment.

The order of the referee is set aside and the case is remanded for further proceedings.

*Settle order on notice.*

1. Under § 342 of the Bankruptcy Act, 11 U.S.C.A. § 742, American Foam Rubber as debtor in possession took the title which a trustee in bankruptcy would have had. Section 70 describes the title of a trustee in bankruptcy.